UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-55-BR
No. 5:16-CV-117-BR

| | |
|---|---|
| CHARLIE O'BRYANT TERRY,<br>  Petitioner, | )<br>)<br>) |
| v. | ) |
| UNITED STATES OF AMERICA,<br>  Respondent. | )    ORDER<br>)<br>)<br>)<br>) |

This matter is before the court on various motions.

By way of background, in 2007, pursuant to a plea agreement, petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and in 2008, the court sentenced him to 180 months imprisonment, having found that petitioner had three prior convictions to qualify as an armed career criminal under 18 U.S.C. § 924(e). Petitioner did not appeal.

On 12 April 2016, petitioner filed *pro se* a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing that based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he does not have three prior convictions to qualify as an armed career criminal, and therefore, his sentence exceeds the statutory maximum authorized by law. (DE # 52.) The following day, the court ordered the government to file an answer or other response to the motion. (DE # 54.) The government then filed a motion to stay, (DE # 56), to which petitioner filed *pro se* a "motion" in opposition, (DE # 62), and to which petitioner through appointed counsel filed a response in opposition, (DE # 63). Petitioner also filed *pro se* a motion for release. (DE # 61.)

Most recently, the government filed a response to petitioner's § 2255 motion. (DE # 64.) In its response, the government "concedes that Petitioner's two prior North Carolina convictions for common law robbery are no longer violent felonies," (id. at 1 (citation omitted)), and that therefore "Petitioner lacks the three predicate convictions necessary to be sentenced as an armed career criminal under § 924(e)," (id. at 2). The government requests that the court vacate petitioner's sentence and resentence petitioner. (Id.)

The court agrees that petitioner is entitled to relief based on Johnson. Accordingly, the § 2255 motion is GRANTED. The judgment entered 9 May 2008 is hereby VACATED. Resentencing is hereby SET for 29 August 2016. Petitioner's *pro se* motions are DENIED. The government's motion to stay is DENIED as moot.

This 25 July 2016.

                                      W. Earl Britt
                                      Senior U.S. District Judge