IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-55-1BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLIE O'BRYANT TERRY | ORDER |

This matter is before the court on defendant's sealed motion to impose a specific term of imprisonment. (DE # 138.) The government has not filed a response to the motion.

In 2007, pursuant to a plea agreement, defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and in 2008, the court sentenced him to 180 months imprisonment, having found that he had three prior convictions to qualify as an armed career criminal under 18 U.S.C. § 924(e). Defendant did not appeal.

In 2016, on defendant's 28 U.S.C. § 2255 motion and based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the court vacated the 2008 judgment and resentenced defendant to time served. (DE ## 65, 73.) Defendant then began to serve a one-year term of supervised release.

In February 2017, U.S. Probation filed a motion to revoke defendant's supervised release based on defendant's absconding from supervision and engaging in new criminal conduct. (DE # 76.) In May 2017, defendant was indicted for criminal conduct related to his supervised release revocation proceeding, and he subsequently pled guilty to obstruction of justice and being a felon in possession of a firearm. United States v. Terry, No. 5:17-CR-00153-BR (DE # 14). In 2018, the court sentenced defendant on the supervised release violations and the 2017 charges.

Defendant appealed, and the Fourth Circuit Court of Appeals vacated defendant's sentences. United States v. Terry, 771 F. App'x 277 (4th Cir. 2019) (mem.).

On remand, the court sentenced defendant to a total term of imprisonment of 240 months on the 2017 charges and, on defendant's request and as part of the court's recommendations to the Bureau of Prisons ("BOP"), directed the BOP to credit his sentence with any time he may have overserved on his 2007 charge. United States v. Terry, No. 5:17-CR-00153-BR (DE # 105). Also, the court sentenced defendant to 24 months imprisonment on the supervised release violations, to be served consecutively to the other sentence. (DE # 137.) Defendant has appealed from both judgments.[1]

He now asks the court to modify the term of imprisonment imposed in 2016 (on the 2007 charge) from time served to 62 months.[2] According to defendant, he served at least 115 months on that sentence and modification of the sentence to a specific term, 62 months, is warranted so the BOP can credit the excess time he served towards his sentence on the 2017 charges. (Mot., DE # 138, at 2-3.)

Defendant cites no authority for the court to modify his 2016 sentence. A district court cannot modify a previously imposed term of imprisonment except in limited circumstances: "the [BOP] moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (citing 18 U.S.C. § 3582(c)). None of these circumstances is evident here.

---

[1] Although defendant has appealed, the court is not divested of jurisdiction to rule on the instant motion. Defendant appealed from the recent supervised release revocation sentence *not* the 2016 sentence. Any action the Fourth Circuit might take on the recent sentence would not affect the 2016 sentence.

[2] Defendant argues this figure represents an appropriate reduction from the bottom of the guidelines range of 70 months. (Mot., DE # 138, at 2; see also Resentencing Mem., DE # 71.)

Nor does Rule 36 provide defendant with an avenue for relief. That rule permits the court at any time to correct a clerical error in a judgment. Fed. R. Crim. P. 36. What defendant seeks to remedy is not a clerical error in the 2016 judgment. See United States v. Brown, 343 F. App'x 934, 935-36 (4th Cir. 2009) ("Rule 36 does not allow a court to revisit a sentence to apply a downward departure to account for time served, as such a correction is 'aimed at remedying an error of law, not an error of transcription.'" (citation omitted)).

In the absence of any authority, defendant's motion is DENIED.

This 22 November 2019.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge